**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

JAVIER BALDERAMA,

    Plaintiff - Appellant,

v.

SHANNON BULMAN; BETINA
MCCRACKEN, in their official capacities,

    Defendants - Appellees.

No. 25-2101
(D.C. No. 1:24-CV-00084-WJ-KK)
(D.N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.

---

Javier Balderama, proceeding pro se, appeals the district court's dismissal of his third amended complaint for lack of subject matter jurisdiction based on the *Rooker-Feldman*[1] doctrine. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

I.        Background

A state court in New Mexico entered an order modifying Mr. Balderama's child support obligation.  He appealed on several grounds including that he is unable to work due to the Immigration Reform and Control Act of 1986 (IRCA) and cannot be required to pay child support.  The New Mexico Court of Appeals affirmed the order, rejecting his position.  *Siquieros-Langarcia v. Balderama*, No. A-1-CA-38571, 2021 WL 4480901 (N.M. Ct. App. Sept. 30, 2021), *cert. denied sub nom.*, *Langarcia v. Balderama*, 547 P.3d 7 (N.M. 2022).

In the underlying federal action, Mr. Balderama brought claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) against Shannon Bulman, a New Mexico state judge, and Bettina McCracken, the Acting Director for the New Mexico Human Services Department, Child Support Enforcement Division.[2]  He sought declaratory and prospective injunctive relief.

After Mr. Balderama filed his second amended complaint, but before it was served on defendants, the magistrate judge issued a show-cause order.  That order directed Mr. Balderama to show cause why the court "should not dismiss Plaintiff's declaratory

---

[2] This is Mr. Balderama's second federal action against these defendants related to his child support order.  Because he raised no argument objecting to Ms. McCracken's dismissal, we affirmed the dismissal of the complaint against her. *Balderama v. Bulman*, No. 23-2063, 2024 WL 158756, at *2 (10th Cir. 2024).  We also affirmed the district court's dismissal of the complaint against Judge Bulman based on judicial immunity.  *See id.*

judgment claims and his claims for prospective injunctive relief pursuant to *Ex parte Young*."[3]  R. 108.

Mr. Balderama filed a response to the show-cause order, arguing that his claims fell within the exception in *Ex parte Young*.  Although not raised in the magistrate judge's show-cause order, Mr. Balderama also argued that the district court should not dismiss his case based on issue preclusion, the *Younger* abstention doctrine, or the *Rooker-Feldman* doctrine.  On the same day he filed his response, he filed a third amended complaint ("the complaint").  The district court sua sponte dismissed the case for lack of jurisdiction based on *Rooker-Feldman*.

II.    Discussion

We review de novo the district court's application of the *Rooker-Feldman* doctrine.  *Miller v. Deutsche Bank Nat'l Tr. Co.* (*In re Miller*), 666 F.3d 1255, 1260 (10th Cir. 2012).  With the exception of the United States Supreme Court, "*Rooker-Feldman* prevents federal courts . . . from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*

---

[3] "[S]overeign immunity bars damages claims against state actors in their official capacity," but "the *Ex parte Young* doctrine provides an exception for plaintiffs who (1) allege an ongoing violation of federal law and (2) seek relief properly characterized as prospective."  *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1213–14 (10th Cir. 2022) (brackets and internal quotation marks omitted).

3

*Corp.*, 544 U.S. 280, 284 (2005)).  The district court erred in dismissing the complaint based on *Rooker-Feldman* except for one sub-claim.

We have explained that "[t]he jurisdictional limitation recognized in *Rooker-Feldman* is narrow," and it is "claim specific."  *Id.* at 515.  We therefore "independently consider[] each claim against the backdrop of the *Rooker-Feldman* doctrine."  *Id.* (brackets and internal quotation marks omitted).  For the doctrine to apply, "a litigant's claim must specifically seek to modify or set aside a state court judgment."  *Id.* (citing *Exxon Mobil*, 544 U.S. at 292–93).

Mr. Balderama's complaint asserts four claims under § 1983 and § 2201(a) for prospective declaratory relief against Judge Bulman to prevent future violations of IRCA, as well as future violations of his First Amendment and Due Process rights.  The complaint also asserts two claims under § 1983 for prospective declaratory and injunctive relief against Ms. McCracken, alleging that a state statute related to child support proceedings is preempted under the IRCA, violates the First Amendment, and is unenforceable.

We first address the claims against Judge Bulman.  None of the four claims against her and the related requests for prospective declaratory relief seek to specifically set aside Mr. Balderama's child support order.  These claims do not ask "the district court to review and reject the state court judgment," so *Rooker-Feldman* does not prevent the district court from exercising jurisdiction over them.  *Graff*, 65 F.4th at 514 (internal quotation marks omitted).  Although Mr. Balderama's complaint includes claims that present "the same or a related question" to those

4

"earlier aired between the parties in state court," that "is not an impediment to the exercise of federal jurisdiction." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (internal quotation marks omitted). *Rooker-Feldman* does not eliminate federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil*, 544 U.S. at 293. Rather, "attempts merely to relitigate an issue determined in a state case are properly analyzed under issue or claim preclusion principles." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1175 (10th Cir. 2018) (internal quotation marks omitted).

We next address the two claims against Ms. McCracken, which are set out in Counts 4 and 5 of the complaint. In these claims, Mr. Balderama generally challenges a state statute that governs child support orders as unconstitutional and preempted by federal law. "[A] statute or rule governing [a state-court] decision may be challenged in a federal action" even when the "decision [itself] is not reviewable." *Skinner*, 562 U.S. at 532. And we have observed that "*Feldman* itself distinguished general constitutional challenges to state laws, which by definition are not attacks on state court judgments." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (internal quotation marks omitted). In *Mo's Express*, we determined that the plaintiffs' claims that federal law preempted the state's jurisdiction and that the Public Utility Commission exercised its jurisdiction in a discriminatory fashion in violation of the Equal Protection Clause amounted to general constitutional challenges that did not deprive the district court of jurisdiction. *See id.* at 1237–38.

5

In sum, *Rooker-Feldman* does not bar the district court from exercising jurisdiction over the general constitutional challenges presented in Counts 4 and 5. But there is a portion of Count 4 and its related request for relief that *Rooker-Feldman* does bar. With liberal construction of Mr. Balderama's pro se complaint, Count 4 appears to present two sub-claims with distinct requests for relief — the first sub-claim is the general challenge that federal law preempts a state statute related to child support orders and its related request for declaratory relief consistent with that general challenge. *See* R. 124, 127.

Count 4, however, also asserts in a second sub-claim that "Plaintiff . . . has been deprived of rights because [the state statute], as interpreted by New Mexico state courts, the New Mexico legislature, and the state, conflicts with the IRCA." *Id.* at 124. This second sub-claim further asserts that "Plaintiff . . . is entitled to injunctive relief against Defendant McCracken because . . . she is related to the enforcement of the child support orders that deny rights." *Id.* And in the related request for injunctive relief at the end of the complaint, Mr. Balderama asks the court to "enjoin Ms. McCracken and the Child Support Enforcement Division of New Mexico . . . from further enforcing Plaintiff's child support order or accumulating debt due to Plaintiff's child support orders." *Id.* at 127.

This second sub-claim, and its related request for injunctive relief, asserts a specific injury from Mr. Balderama's child support order (the alleged deprivation of his rights under federal law from the state court's interpretation of the state statute) and seeks to set aside his specific child support order by permanently enjoining its

6

further enforcement. "[A] party may lose in state court and then raise precisely the same legal issues in federal court, so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court." *Mo's Express*, 441 F.3d at 1237. Because this second sub-claim seeks to undo the relief the state court granted in Mr. Balderama's child support order, the district court lacks jurisdiction over it.[4]

III.    Conclusion

We affirm the district court's dismissal of the second sub-claim in Count 4 and its related request for injunctive relief. We reverse the dismissal of all remaining claims in the complaint, including the first sub-claim in Count 4. We remand for further proceedings consistent with this decision, but we express no opinion on the validity of Mr. Balderama's remaining claims and whether they are subject to dismissal on other grounds.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[4] We reject Mr. Balderama's argument that *Rooker-Feldman* does not apply because the New Mexico Supreme Court denied certiorari rather than affirmed the court of appeals decision. *See Exxon-Mobil*, 544 U.S. at 291 (requiring that state proceedings have ended); *Nicholson v. Bank of America*, No. 22-11064, 2023 WL 8434051, at *2 (5th Cir. Dec. 25, 2023).